UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust<br><br>**Plaintiff**<br><br>vs.<br><br>James W. Linehan and Terri L. Linehan<br><br>**Defendants**<br><br>United Guaranty Residential Insurance Company of North Carolina<br><br>**Party-in-Interest** | CIVIL ACTION NO.:<br><br><br>COMPLAINT<br><br><br>RE:<br>12 Ludlow Street, Portland, ME 04103<br><br><br>MORTGAGE:<br>July 27, 2005<br>Book 22983, Page 1 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, James W. Linehan and Terri L. Linehan, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and the Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants, James W. Linehan and Terri L. Linehan, are the obligors and the total amount owed under the terms of the Note is Three Hundred Seventy Five Thousand Two Hundred Eleven Dollars and Forty Six Cents ($375,211.46), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 13801 Wireless Way, Oklahoma City, Oklahoma 73134.

5. The Defendant, James W. Linehan, is a resident of Portland, County of Cumberland and State of Maine.

6. The Defendant, Terri L. Linehan, is a resident of Portland, County of Cumberland and State of Maine.

7. The Party-in-Interest, United Guaranty Residential Insurance Company of North Carolina, is located at 230 North Elm Street, Greensboro, NC 27401.

## FACTS

8. On November 13, 1995, by virtue of a Warranty Deed from David E. Barry, which is recorded in the Cumberland County Registry of Deeds in **Book 12219, Page 26**, the property situated at 12 Ludlow Street, County of Cumberland, and State of Maine, was conveyed to the Defendants, James W. Linehan and Terri L. Linehan, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On July 27, 2005, the Defendants, James W. Linehan and Terri L. Linehan, executed and delivered to Homeowners Assistance Corporation a certain Note in the amount of $256,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on July 27, 2005, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Homeowners Assistance Corporation, securing the property located at 12 Ludlow Street, Portland, ME 04103 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds **in Book 22983, Page 1**. See Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Countrywide Home Loans, Inc. by virtue of an Assignment of Mortgage dated January 9, 2008 and recorded in the Cumberland County Registry of Deeds in **Book 25802, Page 206**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then further assigned to BAC Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated March 1, 2010 and recorded in the Cumberland County Registry of Deeds in **Book 27637, Page 341**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then further assigned to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage dated February 22, 2013 and recorded in the Cumberland County Registry of Deeds in **Book 30451, Page 29**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then further assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated September 14, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32621, Page 170**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The transfer of all the rights contained in the Mortgage to the Plaintiff is further ratified and confirmed by a Quitclaim Assignment dated April 12, 2018 and to be recorded in the Cumberland County Registry of Deeds. *See* Exhibit H (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

16. On September 18, 2008, the Defendants, James W. Linehan and Terri L. Linehan, executed a Loan Modification Agreement which increased the principal amount of the Note to $255,659.80. *See* Exhibit I (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein).

17. On January 27, 2009, the Defendants, James W. Linehan and Terri L. Linehan, executed a second Loan Modification Agreement which increased the principal amount of the Note to $265,840.87.  *See* Exhibit J (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein)

18. On May 10, 2018, the Defendants, James W. Linehan and Terri L. Linehan, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

19. The Demand Letter informed the Defendants, James W. Linehan and Terri L. Linehan, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit K.

20. The Defendants, James W. Linehan and Terri L. Linehan, failed to cure the default prior to the expiration of the Demand Letter.

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

23. United Guaranty Residential Insurance Company of North Carolina is a Party-in-Interest pursuant to a Mortgage to Corinthian Mortgage Corporation DBA SouthBanc Mortgage in the amount of $80,000.00 dated May 19, 2006, and recorded in the Cumberland County Registry of Deeds in **Book 24040, Page 177** as assigned to United Guaranty Residential Insurance Company of North Carolina by virtue of an Assignment of Mortgage dated August 24, 2011, which is recorded in the Cumberland County Registry of Deeds in **Book 28953, Page 224** and is in second position behind Plaintiff's Mortgage.

24. The total debt owed under the Note and Mortgage as of August 1, 2018, if no payments are made, is Three Hundred Seventy Five Thousand Two Hundred Eleven Dollars and Forty Six Cents ($375,211.46), which includes Unpaid Principal Balance in the amount of Two Hundred Fifty Nine Thousand Five Hundred Fifty Eight Dollars and Twenty Seven Cents ($259,558.27); Accrued Interest in the amount of Seventy Two Thousand Nine Hundred Nineteen Dollars and Ninety Two Cents ($72,919.92); Escrow/Impound Required in the amount of Forty Two Thousand Eight Hundred Eighty One Dollars and Seventy Two Cents ($42,881.72); Funds to be Credited in the amount of One Thousand Sixty Six Dollars and Ninety Five Cents ($-1,066.95); and Total Advances in the amount of Nine Hundred Eighteen Dollars and Fifty Cents ($918.50).

25. Upon information and belief, the Defendants, James W. Linehan and Terri L. Linehan, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through __ as if fully set forth herein.

27. This is an action for foreclosure respecting a real estate related Mortgage and title located at 12 Ludlow Street, Portland, County of Cumberland, and State of Maine. *See* Exhibit A.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure upon the subject property.

29. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

30. The Defendants, James W. Linehan and Terri L. Linehan, are presently in default on said Mortgage and Note, having failed to make the monthly payment due June 1, 2011, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

31. The total debt owed under the Note and Mortgage as of August 1, 2018, if no payments are made, is Three Hundred Seventy Five Thousand Two Hundred Eleven Dollars and Forty Six Cents ($375,211.46), which includes Unpaid Principal Balance in the amount of Two Hundred Fifty Nine Thousand Five Hundred Fifty Eight Dollars and Twenty Seven Cents ($259,558.27); Accrued Interest in the amount of Seventy Two Thousand Nine Hundred Nineteen Dollars and Ninety Two Cents ($72,919.92); Escrow/Impound Required in the amount of Forty Two Thousand Eight Hundred Eighty One Dollars and Seventy Two Cents ($42,881.72); Funds to be Credited in the amount of One Thousand Sixty Six Dollars and Ninety Five Cents ($-1,066.95); and Total Advances in the amount of Nine Hundred Eighteen Dollars and Fifty Cents ($918.50).

32. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

33. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

34. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, James W. Linehan and Terri L. Linehan, on May 10, 2018, evidenced by the Certificate of Mailing.. *See* Exhibit K.

35. Upon information and belief, our client believes the property is occupied by the Defendants, James W. Linehan and Terri L. Linehan.

36. The Defendants, James W. Linehan and Terri L. Linehan, are not in the Military as evidenced by the attached Exhibit L.

## COUNT II – BREACH OF NOTE

37. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. On July 27, 2005, the Defendants, James W. Linehan and Terri L. Linehan, executed and delivered to Homeowners Assistance Corporation a certain Note in the amount of $256,000.00. *See* Exhibit B.

39. The Defendants, James W. Linehan and Terri L. Linehan, are in default for failure to properly tender the June 1, 2011 payment and all subsequent payments. *See* Exhibit K.

40. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, James W. Linehan and Terri L. Linehan.

41. The Defendants, James W. Linehan and Terri L. Linehan, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

42. The Defendants, James W. Linehan and Terri L. Linehan's breach is knowing, willful, and continuing.

43. The Defendants, James W. Linehan and Terri L. Linehan's breach have caused the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

44. The total debt owed under the Note and Mortgage as of August 1, 2018, if no payments are made, is Three Hundred Seventy Five Thousand Two Hundred Eleven Dollars and Forty Six Cents ($375,211.46), which includes Unpaid Principal Balance in the amount of Two Hundred Fifty Nine Thousand Five Hundred Fifty Eight Dollars and Twenty Seven Cents ($259,558.27); Accrued Interest in the amount of Seventy Two Thousand Nine Hundred Nineteen Dollars and Ninety Two Cents ($72,919.92); Escrow/Impound Required in the amount of Forty Two Thousand Eight Hundred Eighty One Dollars and Seventy Two Cents ($42,881.72); Funds to be Credited in the amount of One Thousand Sixty Six Dollars and Ninety Five Cents ($-1,066.95); and Total Advances in the amount of Nine Hundred Eighteen Dollars and Fifty Cents ($918.50).

45. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

46. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 45 as if fully set forth herein.

47. By executing, under seal, and delivering the Note, the Defendants, James W. Linehan and Terri L. Linehan, entered into a written contract with Homeowners Assistance Corporation who agreed to loan the amount of $256,000.00 to the Defendants. *See* Exhibit B.

48. As part of this contract and transaction, the Defendants, James W. Linehan and Terri L. Linehan, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

49. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Homeowners Assistance Corporation, and has performed its obligations under the Note and Mortgage.

50. The Defendants, James W. Linehan and Terri L. Linehan, have breached the terms of the Note and Mortgage by failing to properly tender the June 1, 2011 payment and all subsequent payments. *See* Exhibit K.

51. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, James W. Linehan and Terri L. Linehan.

52. The Defendants, James W. Linehan and Terri L. Linehan, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

53. The Defendants, James W. Linehan and Terri L. Linehan, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Three Hundred Seventy Five Thousand Two Hundred Eleven Dollars and Forty Six Cents ($375,211.46), for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendants.

54. Defendants James W. Linehan and Terri L. Linehan's breach is knowing, willful, and continuing.

55. Defendants James W. Linehan and Terri L. Linehan's breach have caused the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

56. The total debt owed under the Note and Mortgage as of August 1, 2018, if no payments are made, is Three Hundred Seventy Five Thousand Two Hundred Eleven Dollars and Forty Six Cents ($375,211.46), which includes Unpaid Principal Balance in the amount of Two Hundred Fifty Nine Thousand Five Hundred Fifty Eight Dollars and Twenty Seven Cents ($259,558.27); Accrued Interest in the amount of Seventy Two Thousand Nine Hundred Nineteen Dollars and Ninety Two Cents ($72,919.92); Escrow/Impound Required in the amount of Forty Two Thousand Eight Hundred Eighty One Dollars and Seventy Two Cents ($42,881.72); Funds to be Credited in the amount of One Thousand Sixty Six Dollars and Ninety Five Cents ($-1,066.95); and Total Advances in the amount of Nine Hundred Eighteen Dollars and Fifty Cents ($918.50).

57. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

58. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. Homeowners Assistance Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendants, James W. Linehan and Terri L. Linehan, $256,000.00.  *See* Exhibit B.

60. The Defendants, James W. Linehan and Terri L. Linehan, are in default for failure to properly tender the June 1, 2011 payment and all subsequent payments. *See* Exhibit K.

61. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, James W. Linehan and Terri L. Linehan, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

62. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

63. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through __ as if fully set forth herein.

64. Homeowners Assistance Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendants, James W. Linehan and Terri L. Linehan, $256,000.00. *See* Exhibit B.

65. The Defendants, James W. Linehan and Terri L. Linehan, have failed to repay the loan obligation.

66. As a result, the Defendants, James W. Linehan and Terri L. Linehan, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Homeowners Assistance Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

67. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

<u>PRAYERS FOR RELIEF</u>

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendants, James W. Linehan and Terri L. Linehan, are in breach of the Note by failing to make payment due as of June 1, 2011, and all subsequent payments;

d) Find that the Defendants, James W. Linehan and Terri L. Linehan, are in breach of the Mortgage by failing to make payment due as of June 1, 2011, and all subsequent payments;

e) Find that the Defendants, James W. Linehan and Terri L. Linehan, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, James W. Linehan and Terri L. Linehan, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due June 1, 2011 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, James W. Linehan and Terri L. Linehan, have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j)  Find that the Defendants, James W. Linehan and Terri L. Linehan, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k)  Find that the Defendants, James W. Linehan and Terri L. Linehan, are liable to the Plaintiff for quantum meruit;

l)  Find that the Defendants, James W. Linehan and Terri L. Linehan, have appreciated and retained the benefit of the Mortgage and the subject property;

m)  Find that it would be inequitable for the Defendants, James W. Linehan and Terri L. Linehan, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n)  Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, James W. Linehan and Terri L. Linehan;

o)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p)  Additionally, issue a money judgment against the Defendants, James W. Linehan and Terri L. Linehan, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Three Hundred Seventy Five Thousand Two Hundred Eleven Dollars and Forty Six Cents ($375,211.46), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

                                                      Respectfully Submitted,
                                                      U.S. Bank Trust, N.A., as Trustee for LSF9
                                                      Master Participation Trust,
                                                      By its attorneys,

Dated: August 13, 2018

                                                     /s/ John A. Doonan
                                                   John Doonan, Esq. (BBO # 3250)
                                                   Reneau J. Longoria, Esq. (BBO # 5746)
                                                   Doonan, Graves & Longoria, LLC
                                                   100 Cummings Center, Suite 225D
                                                   Beverly, MA 01915
                                                   (978) 921-2670